UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 14-cr-40061-JPG |
| AHAMAD R. ATKINS, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Ahamad R. Atkins's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 121). The Court also considers his two motions to appoint counsel to assist him with his request (Docs. 122 & 123) and his motion for an update on the status of his motion for a reduction (Doc. 124).

As a preliminary matter, the Court will deny the defendant's request for appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A, does not permit such appointments. *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). The Court now turns to the merits of the defendant's request for a reduction.

The defendant pled guilty to one count of conspiracy to distribute crack cocaine and heroin in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C) and 846. In May 2015, the Court sentenced him to serve 216 months in prison. The Court imposed this sentence in accordance with the sentencing amendments made by the Fair Sentencing Act, which had become effective August 3, 2010. *See* Presentence Investigation Report ¶ 31 (Doc. 68).

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. However, the First Step Act prohibits the Court from entertaining a motion to reduce a sentence where the Court had previously imposed that sentence in accordance with the amendments made by §§ 2 and 3 of the Fair Sentencing Act. First Step Act § 404(c).

The Court cannot entertain the defendant's motion because it previously imposed the defendant's sentence in accordance with the amendments made by the Fair Sentencing Act, which

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

were already effective at the time he was sentenced.   Thus, he has already received the benefit of the Fair Sentencing Act's statutory sentencing range changes.   For this reason, the Court **DISMISSES** the defendant's motion for a sentence reduction based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 121).   In light of this ruling, the defendant's motions for counsel to assist with a reduction (Docs. 122 & 123) and motion for status (Doc. 124) are **DENIED as moot**.   The Court will, however, consider the defendant to also be seeking the assistance of counsel for requesting compassionate release under the First Step Act.   The Court will address that request for counsel in a separate order.

**IT IS SO ORDERED.**
**DATED:   August 31, 2020**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**