UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AHAMAD R. ATKINS,<br><br>    Defendant. | Case No. 14-cr-40061-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Ahamad R. Atkins's motion for reconsideration (Doc. 131) of the Court's September 1, 2020, order (Doc. 126) dismissing his motion for a reduction of his criminal sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 121). The Court dismissed the motion because Atkins was sentenced in 2015, after implementation of the changes to 21 U.S.C. § 841(b) made by the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010). The Court applied those changes when it sentenced Atkins, and the First Step Act does not authorize a reduction of a sentence that "was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010. . . ." First Step Act § 404(c). Atkins now asks the Court to reconsider that decision in light of the fact that the 2014 version of the United States Sentencing Guidelines Manual was used to calculate his sentence before the First Step Act took effect in 2018. He also invokes his "right" to counsel and asks the Court to extend his time to file a notice of appeal of the September 1, 2020, order.

Although not mentioned specifically in the Federal Rules of Criminal Procedure, motions for reconsiderations in criminal cases are proper and, if filed within the appeal period, will defer the running of that period until the motion is resolved. *United States v. Rollins*, 607 F.3d 500,

502 (7th Cir. 2010) (citing *United States v. Ibarra*, 502 U.S. 1, 6 (1991); *United States v. Dieter,* 429 U.S. 6, 8 n.3 (1976); *United States v. Healy,* 376 U.S. 75, 77-80 (1964)).  Such a motion may be appropriate where the Court "has misapprehended the issues, where a significant change in the law has occurred, or where significant new facts have been discovered."  *United States v. Hicks*, No. 18-CR-227, 2021 WL 1663556, at *2 (E.D. Wis. Apr. 28, 2021) (citing *United States v. Redmond*, No. 3:14-CR-30109-NJR, 2020 WL 7342712, at *1 (S.D. Ill. Dec. 14, 2020)).  This rule allows district courts the opportunity to correct their own alleged errors before burdening a court of appeals with correcting them.  *Dieter*, 429 U.S. at 8; *Healy*, 376 U.S. at 80; *Rollins*, 607 F.3d at 502.

Atkins has not pointed to any misapprehension of the issues by the Court, to any favorable change in the law, or to any significant new facts.  It remains true that the Fair Sentencing Act went into effect in 2010, and the Court sentenced Atkins in 2015, after the Fair Sentencing Act and any of the corresponding changes in the sentencing guidelines had gone into effect.  Thus, Atkins's sentence "was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010," and the Court cannot reduce his sentence under this authority now.[1]

Atkins has also not pointed to any reason justifying reconsideration of the Court's declining to appoint counsel for him.  The Court remains convinced that, in light of the strength

---

[1] Additionally, although there has been no change in the law favorable to Atkins since his sentencing, there has been an unfavorable change.  It has been clarified that defendants like Atkins who were sentenced solely under the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(C) are not eligible for a reduction under the First Step Act because the Fair Sentencing Act did not modify that sentencing range.  *Terry v. United States*, 141 S. Ct. 1858, 1863 (2021), *abrogating United States v. Hogsett*, 982 F.3d 463, 467 (7th Cir. 2020).

2

and clarity of the reasons for denying a reduction, counsel would not have had any reasonable chance of making a difference in this case.

      Finally, pursuant to Federal Rule of Appellate Procedure 4(b)(4), the Court will grant an extension of time for Atkins to file a notice of appeal.   The record reflects that Atkins did not receive the original copy of the September 1, 2020, order the Clerk of Court sent, and only received a remailed copy on November 16, 2020.[2]   Thereafter, he promptly filed the pending motion and, at the latest, on November 23, 2020, a notice of appeal.   His failure to file a timely notice of appeal was not his fault and amounts to good cause for extending the deadline.   The Court further believes the 30-day limit on the extension the Court can give does not comport with Fifth Amendment Due Process guarantees where the defendant, who was incarcerated and unable to access the Court's electronic filing system or come to the courthouse to check on the progress of the motion, did not receive notice of the order from which he appeals until after the appeal period, plus the possible 30-day period of extension, had expired.   *Contra, Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 708 (7th Cir. 2014) (court has "no authority to create equitable exceptions to jurisdictional requirements").   It will therefore extend the time until November 23, 2020, the date of the postmark of Atkins's mailed notice of appeal and will deem that notice timely.

      Finally, the Court addresses Atkins's fee status on appeal.   Atkins was found to be

---

[2] The Court takes judicial notice that at that time the United States Postal Service was taxed to its limits by the COVID-19 pandemic and the increase in the volume of mail preceding the November 2020 presidential election.   *See* U.S. Government Accountability Office, U.S. Postal Service: Volume, Performance, and Financial Changes since the Onset of the COVID-19 Pandemic, GAO 21-261, https://www.gao.gov/products/gao-21-261 (visited Sept. 2, 2021). Atkins is not the first inmate to complain to the Court that the mail service had extraordinary delays, and even some complete failures, in delivering mail in and out of prisons.

financially unable to obtain an adequate defense in his criminal case, which would ordinarily allow him to proceed on appeal *in forma pauperis* without further authorization. However, this appeal is not taken in good faith for the reasons set forth in the Court's September 1, 2020, order and this order: it is crystal clear that Atkins is not entitled to a reduction of his sentence under the First Step Act. Therefore, the Court will certify pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) that this appeal is not taken in good faith, so Atkins requires further authorization before being allowed to proceed on appeal *in forma pauperis*.

For the foregoing reasons, the Court:

- **DENIES** Atkins's motion for reconsideration (Doc. 131);

- **GRANTS** Atkins's motion for an extension of time to appeal (Doc. 131);

- **EXTENDS** the time to file a notice of appeal to November 23, 2020;

- **DEEMS** the notice of appeal (Doc. 132) **TIMELY** under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988);

- **DIRECTS** the Clerk of Court to process the notice of appeal (Doc. 132) as if it were timely; and

- **CERTIFIES** that Atkins's appeal is not taken in good faith pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A).

**IT IS SO ORDERED.**
**DATED:** September 3, 2021

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**