UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 14-cr-40061-JPG |
| AHAMAD R ATKINS, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Ahamad R. Atkins ("Defendant" or "Atkins") Motion for Compassionate Release re First Step Act. (Doc. 149). In Atkin's motion, he requests compassionate release "for a previously imposed sentence for an acquitted charge of possession of a controlled substance." *Id*. He indicates that the prosecution had "presented evidence of relevant conduct that the court then used to enhance my sentence" which was "unfair and resulted in an unjust sentence." *Id*.

This is not a motion for compassionate release, but a motion that collaterally attacking is sentence. The relief that Atkins seeks is only available through a through 28 U.S.C. § 2255, which permits a collateral attack of a sentence. *United States v. Sutton*, 962 F.3d 979, 983 (7th Cir. 2020). "Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) (citations omitted). The Court construes Atkin's motion as a motion under 28 U.S.C. § 2255 despite the fact that it is not explicitly labeled as such.

A Court cannot recharacterize a *pro se* litigant's motion as a § 2255 without informing the defendant of its intent, and warn the defendant of the successive restrictions of § 2255. *Castro v.*

*United States*, 540 U.S. 375, 377 (2003).  However, it has come to the Court's attention that this is not Atkin's first § 2255 motion.  He filed his first motion on February 10, 2017, and the Court denied it.  *See Atkins v. United States*, Case No. 17-00144-JPG. Doc. 53.  In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h).  *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  It has not done so.  Therefore, the Court does not have jurisdiction to entertain the pending § 2255 motion.  Accordingly, the Court hereby **DISMISSES** this motion **for lack of jurisdiction** (Doc. 149).

**IT IS SO ORDERED.**
**DATED: March 20, 2023**

  /s  J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**